IN THE COMMONWEALTH COURT OF PENNSYLVANIA

All Star Auto Sales & Service LLC,   :
                 Petitioner   :
                           :
            v.                  :    No. 991 C.D. 2024
                           :    Submitted:  October 7, 2025
Department of Transportation,        :
                 Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED:  July 22, 2026

       All Star Auto Sales & Services LLC (All Star) petitions for review of the Order of the Executive Deputy Secretary of the Commonwealth of Pennsylvania, Department of Transportation (Department), exited July 2, 2024.  In the Order, the Executive Deputy Secretary affirmed an order of a Hearing Officer of the Department dismissing All Star's appeal from the Department's termination of its Enhanced Vehicle Safety Inspection Station Agreement (Agreement) with All Star. All Star argues the Department and the Hearing Officer violated All Star's due process rights because the Department did not conduct a hearing before terminating the Agreement and the Hearing Officer did not conduct an evidentiary hearing on All Star's appeal of the termination.  After careful review, the Court affirms the Order because All Star received adequate due process under the unique circumstances of this case.

## I. BACKGROUND

All Star is a vehicle inspection station. On July 13, 2022, the Department issued an Order of Immediate Suspension of Official Inspection Station, suspending All Star's Certificate of Appointment as an Official Safety Inspection Station (Certificate of Inspection) pursuant to Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724, for missing or broken required tools or equipment. The Department subsequently issued an Order of Suspension of Official Inspection Station (Suspension Order) on July 27, 2022, suspending All Star's Certificate of Inspection for an aggregate of 28 months, effective July 13, 2022:

> Pursuant to [Section 175.51(a) of Title 67 of the Pennsylvania Code,] 67 Pa. Code § 175.51(a), your Certificate of [Inspection] will be suspended for one (1) year for fraudulent record keeping, including the lesser offenses of improper record keeping and careless record keeping, one (1) year for faulty inspection of equipment or parts, four (4) months for improperly assigning certificate of inspection, and a warning for required tools or equipment missing or broken.
>
> The above violation(s) relate(s) to conduct that occurred on July 13, 2022 . . . . The violations include, but are not limited to, performing thirty (30) enhanced inspections without having the required tools for both safety and enhanced inspections: headlight aimer, ball-joint gauge, window tint meter, candle power meter, and micrometer did not have points.[]
>
> The suspension(s) will run consecutively for a total suspension of twenty-eight (28) months.

(Reproduced Record (R.R.) at 61a.) The Department informed All Star that it was "prohibited from conducting inspections and issuing inspection stickers" during the suspension. (*Id.*)

2

All Star appealed the Suspension Order to the Court of Common Pleas of Lehigh County (common pleas).[1]  Thereafter, common pleas stayed the Suspension Order upon All Star's oral motion for supersedeas and scheduled an evidentiary hearing.  Following the evidentiary hearing and post-hearing briefing, by order dated May 11, 2023, common pleas upheld the Suspension Order and reinstated the suspension.  All Star did not appeal common pleas' order.

Also on July 27, 2022, the Department issued a notice terminating the Agreement (Termination Notice).  The Department terminated the Agreement pursuant to paragraph 19 thereof because All Star's Certificate of Inspection was suspended by the Suspension Order for violating Chapters 175 or 177 of Title 67 of the Pennsylvania Code.[2]  Consequently, All Star could "no longer perform enhanced vehicle safety inspections." (*Id.* at 9a.)  To be reinstated to perform enhanced vehicle safety inspections, the Department informed All Star that it must "reapply for an Enhanced Vehicle Safety Inspection Station Agreement after [the] suspension period is served." (*Id.*)  The Department further informed All Star that it had "a right to request a hearing on the above denial" pursuant to Sections 501 through 508 of the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, Pennsylvania's General Rules of Administrative Practice and Procedure, 1 Pa. Code §§ 31.1-35.251, and Chapter

---

[1] The Department also suspended the certifications as an Official Safety Inspector for two of All Star's inspectors.  The appeal before common pleas involved All Star and both inspectors. The suspensions of All Star's inspectors are not at issue in the case at bar.

[2] Paragraph 19 of the Agreement provides:

> The Department may also terminate this Agreement if any violations under 67 Pa. Code Chapter 175 (relating to vehicle equipment and inspection) or 67 Pa. Code Chapter 177 (relating to enhanced emissions inspection program) occur which result in a suspension or revocation of the inspection station's privileges to provide inspection services to the public.

(R.R. at 27a.)

491 of the Department's Regulations, 67 Pa. Code §§ 491.1-491.13, "by submitting a written request for a hearing within 30 days." (*Id.*)

All Star filed an administrative appeal of the Termination Notice on August 16, 2022, submitting a written request for a hearing on numerous issues. At the same time, All Star filed a motion for supersedeas, requesting a stay of the Termination Notice pending the outcome of the appeal. The following day, the Administrative Docket Clerk acknowledged receipt of All Star's appeal, informing All Star that a hearing officer will contact All Star as to a prehearing conference and/or a hearing. The Hearing Officer subsequently granted All Star's motion for supersedeas, staying the Department's termination of the Agreement.

On September 5, 2023, the Department filed a motion to dismiss All Star's appeal and rescind supersedeas. The Department argued that because common pleas upheld the Suspension Order, there was "no genuine issue of material fact as to a necessary element of the cause of action or defense" as the Department may terminate the Agreement for "***any violation***[] of Chapters 175 or 177 of Title 67 of the Pennsylvania Code that resulted in suspension or revocation of [All Star's] Certificate of Inspection." (R.R. at 14a (emphasis in original).) The Department further asserted that All Star's appeal of the Termination Notice was rendered moot because "[t]here is nothing left for [All Star] to appeal." (*Id.*) Therefore, the Department requested that the Hearing Officer dismiss the appeal and rescind the granted supersedeas pursuant to Section 491.6(h)(1) of the Department's Regulations, 67 Pa. Code § 491.6(h)(1).

Without conducting a hearing as requested, the Hearing Officer dismissed All Star's appeal and marked the matter closed on September 15, 2023. The Hearing Officer explained that pursuant to paragraph 19 of the Agreement, the Department

4

may terminate the Agreement if All Star's Certificate of Inspection is suspended. Because "there [was] no real dispute" that common pleas upheld the suspension of All Star's Certificate of Inspection, the Hearing Officer dismissed the appeal without a hearing as "[a] hearing would be a waste of time and resources." (*Id.* at 105a.)

All Star appealed the Hearing Officer's order to the Secretary of the Department on October 2, 2023, requesting that the order be reversed and the matter remanded for a hearing on All Star's appeal.[3] Without any action on the matter for several months, on May 3, 2024, the Department filed a motion to dismiss All Star's appeal pursuant to 1 Pa. Code § 35.190(c) and to administratively close the case because All Star's appeal was deemed denied by operation of law. On July 2, 2024, the Executive Deputy Secretary of the Department affirmed the Hearing Officer's order dismissing All Star's appeal and closing the administrative docket. All Star now petitions for review of the Order in this Court.[4]

## II.    DISCUSSION

### A. Parties' Arguments

Before this Court, All Star raises two interrelated due process arguments. First, All Star argues the Department deprived All Star of due process by failing to hold a hearing before terminating the Agreement. All Star asserts the Agreement "constitutes a license to which due process protections apply" because it is "a

---

[3] As a precaution, All Star also filed a petition for review in this Court, docketed at 1112 C.D. 2023, because the Hearing Officer marked the matter as closed. This Court stayed the matter pending the result of All Star's appeal to the Secretary. On August 14, 2024, this Court dismissed the petition for review as premature because the Executive Deputy Secretary of the Department issued the Order at issue here, from which All Star may (and did) appeal.

[4] This Court's review of an adjudication of an administrative agency is limited to "whether there has been a constitutional violation, an error of law, or a violation of agency procedure, and whether substantial evidence supports the agency's findings." *Brandywine Vill. Assocs., LLP v. Pa. Dep't of Transp.*, 320 A.3d 814, 822 n.6 (Pa. Cmwlth. 2024) (citation omitted).

protected property interest." (All Star's Brief (Br.) at 9, 15.) Because paragraph 19 of the Agreement, pursuant to which the Department terminated the Agreement, grants the Department "some discretion before determining what, if any, sanction should be imposed," All Star argues a pre-termination hearing is **required** to satisfy due process. (*Id.* at 9.) Instead, All Star maintains the Department exercised "no discretion whatsoever" and "appears to have simply delegated its discretion to a decision of [c]ommon [p]leas [] which was dealing with statutory, not contractual, matters." (*Id.* at 10.) Without holding a hearing to exercise the discretion granted under paragraph 19 of the Agreement, All Star argues the Department deprived All Star of due process.

Second, All Star argues the Hearing Officer deprived All Star of due process by failing to hold an evidentiary hearing on All Star's appeal of the Termination Notice. Because the Department did not hold a pre-termination hearing, All Star asserts "it was incumbent upon the [H]earing [O]fficer to hold a hearing and address the argument that the Department failed to hold a pre[-termination] hearing at which time its discretion could have been properly exercised." (*Id.*) All Star maintains a hearing before the Hearing Officer is necessary to address "contractual-like issues," such as what "terminate" means under the Agreement, and whether the Department could terminate the Agreement before common pleas upheld the Suspension Order. (*Id.* at 10-11.) By not conducting a hearing to address these issues, All Star argues the Hearing Officer deprived All Star of due process.

The Department retorts that neither the Department nor the Hearing Officer deprived All Star of due process because the prompt post-termination relief available to All Star was sufficient to satisfy due process. The Department maintains that pursuant to paragraph 19 of the Agreement, All Star "may not be an Enhanced

Vehicle Inspection Station if it does not have a certificate to operate as a standard Vehicle Inspection Station." (Departments' Br. at 8.) Consequently, the Department asserts it "would have been remiss if it had not taken prompt action" to terminate the Agreement because **the Suspension Order suspended All Star's Certificate of Inspection**. (*Id.* at 7.) Because All Star availed itself of **prompt post-termination** relief by filing an appeal of the Termination Notice, the Department argues it did not deprive All Star of due process by not holding a **pre-termination** hearing.

The Department further argues the Hearing Officer did not deprive All Star of due process by not holding a hearing on the appeal. The Department asserts that All Star's appeal of the Termination Notice "could not stand" because All Star "violated the [A]greement by being suspended from providing standard inspection[] services to the public." (*Id.* at 8.) Because there was no dispute that All Star's Certificate of Inspection was suspended, the Department contends "it was sufficient" for the Hearing Officer "to dismiss the appeal without a hearing." (*Id.*)

*B. Analysis*

The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The constitutional guarantee to due process applies equally to judicial and administrative proceedings. *Walker v. Unemployment Comp. Bd. of Rev.*, 381 A.2d 1353, 1354 (Pa. Cmwlth. 1978). "Courts examine procedural due process in two steps: the first asks whether there is a life, liberty, or property interest with which the state has interfered, and the second examines whether the procedure attendant to that deprivation are constitutionally sufficient." *S.F. v. Pa. Dep't of Hum. Servs.*, 298 A.3d 495, 510 (Pa. Cmwlth. 2023). In the

instant case, the parties only debate whether the procedure attendant to the Department's termination of the Agreement is constitutionally sufficient.

Due process mandates that "[t]he government cannot revoke a benefit or privilege it has granted unless it affords the affected person notice and an opportunity to be heard." *Ganoe v. Dep't of Transp., Bureau of Driver Licensing*, 247 A.3d 91, 95 (Pa. Cmwlth. 2021); *see also* Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504 ("No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."). In general, "some form of hearing" is required to have the opportunity to be heard, "although the exact nature and mechanism of the required procedure will vary based upon the unique circumstances surrounding the controversy." *S.F.*, 298 A.3d at 510 (citation omitted); *see also Matthews v. Eldridge*, 424 U.S. 319, 334 (1976) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (citation omitted)). In situations "where an agency's impairment of a constitutionally protected property or liberty interest is not preceded by an opportunity to be heard, a prompt post-deprivation hearing must be provided." *Caba v. Weaknecht*, 64 A.3d 39, 67 (Pa. Cmwlth. 2013). However, a hearing is not required where, for example, there are no material facts in dispute. *Chester Water Auth. v. Pa. Pub. Util. Comm'n*, 868 A.2d 384, 392 (Pa. 2005) (holding a constitutional "due process hearing [is] not essential" where no material facts are in dispute); *Gruff v. Dep't of State*, 913 A.2d 1008, 1014 (Pa. Cmwlth. 2006) (holding a hearing is not required under Section 504 of the Administrative Agency Law when no facts are in dispute). Where no material facts are in dispute, "the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard." *United Healthcare*

8

*Benefits Tr. v. Ins. Comm'r of Pa.*, 620 A.2d 81, 83 (Pa. Cmwlth. 1993). Importantly, due process requires only "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *S.F.*, 298 A.3d at 510 (citation omitted).

In *United Healthcare Benefits Trust*, for example, this Court concluded the appellants had an opportunity to be heard in proceedings before an administrative agency despite not receiving an evidentiary hearing. 620 A.2d at 83. In that case, the Deputy Insurance Commissioner of the Pennsylvania Insurance Department granted summary judgment in favor of the Insurance Department, imposing civil penalties against the appellants for conducting insurance business in Pennsylvania without a license. *Id.* at 82-83. Among other things, the appellants argued that the Deputy Insurance Commissioner erred in granting summary judgment without holding an evidentiary hearing. *Id.* at 83. This Court disagreed, reasoning no evidentiary hearing was required because there were no disputed facts as to whether the appellants did not have a license to conduct insurance business in Pennsylvania. *Id.* Because there were no factual disputes, the Court concluded that the "motion proceedings, including briefs and arguments by both parties," provided the appellants the opportunity to be heard. *Id.*

Here, under these unique circumstances, All Star had the opportunity to be heard on the Termination Notice at a meaningful time and in a meaningful manner. The Department terminated the Agreement pursuant to paragraph 19, which provides that

> [t]he Department may also **terminate** this Agreement if any violations under 67 Pa. Code Chapter 175 (relating to vehicle equipment and inspection) or 67 Pa. Code Chapter 177 (relating to enhanced emissions inspection program) occur which **result in a suspension or revocation** of the inspection station's privileges to provide inspection services to the public.

9

(R.R. at 27a (emphasis added).) As paragraph 19 states, the material fact necessary for the Department to terminate the Agreement is that All Star's privileges to provide inspection services to the public are **suspended or revoked** for a violation of either Chapter 175 or 177 of Title 67 of the Pennsylvania Code. In this case, the Department **suspended All Star's privileges** to provide inspection services to the public for violating 67 Pa. Code § 175.51(a) via the Suspension Order. All Star appealed the Suspension Order to common pleas, which **stayed the suspension** and held an **evidentiary hearing**. After post-hearing briefing, common pleas upheld the Suspension Order from which All Star **did not appeal**. Accordingly, the common pleas order reinstated in finality All Star's suspension from providing inspection services to the public for violating 67 Pa. Code § 175.51(a).

In the proceedings on the Termination Notice, All Star did not dispute the fact that **it was suspended** from providing inspection services to the public. Because All Star did not dispute the material fact necessary for the Department to terminate the Agreement, "a due process hearing was not essential" for All Star to have the opportunity to be heard on the Termination Notice. *See Chester Water Auth.*, 868 A.2d at 392; *Gruff*, 913 A.2d at 1014. Rather, the motion **proceedings** that occurred following the reinstatement of the Suspension Order and during the stay of the Termination Notice, including the parties' filings and legal arguments on the Department's motion to dismiss,[5] provided All Star ample opportunity to be heard

---

[5] Although styled as a motion to dismiss, the Department's motion was in essence a motion for summary judgment because the Department sought, pursuant to 67 Pa. Code § 491.6(h)(1)(i), a judgment "as a matter of law" on the basis that there was "no genuine issue of material fact as to a necessary element of the cause of action or defense." (R.R. at 14a.) *Compare* 67 Pa. Code § 491.6(h)(1)(i) ("The Department hearing officer, on motion of a party, may dismiss the action in whole or in part . . . [w]henever there is no genuine issue of material fact as to a necessary element of the cause of action or defense."), *with Sellers v. Township of Abington*, 106 A.3d 679, 684 (Pa. **(Footnote continued on next page…)**

before the termination of the Agreement became final. *See United Healthcare Benefits Tr.*, 620 A.2d at 83. Moreover, because "there [was] no genuine issue of material fact as to a necessary element of the cause of action," the Hearing Officer had the authority to "dismiss" All Star's appeal upon the Department's motion without holding an evidentiary hearing.[6] *See* 67 Pa. Code § 491.6(h)(1)(i). Thus, we cannot conclude that the Executive Deputy Secretary erred in affirming the Hearing Officer because the Hearing Officer dismissed All Star's appeal in a manner consistent with due process and the Department's regulations. *See Chester Water Auth.*, 868 A.2d at 392; *Gruff*, 913 A.2d at 1014; *United Healthcare Benefits Tr.*, 620 A.2d at 83; 67 Pa. Code § 491.6(h)(1)(i).

Although no material facts are in dispute, All Star argues an evidentiary hearing is required by due process to address contractual issues as to paragraph 19 of the Agreement, including "what, if any, sanction should be imposed," the definition of terminate, and whether the Department can terminate the Agreement before common pleas upheld the Suspension Order.[7] (All Star's Br. at 9-11.)

---

2014) ("Summary judgment is appropriate 'only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" (citation omitted)). Whether genuine issues of material fact exist is a question of law. *Sellers*, 106 A.2d at 684.

[6] While the Hearing Officer "dismissed" All Star's appeal consistent with the language in 67 Pa. Code § 491.6(h)(1)(i), the Hearing Officer more accurately summarily disposed of All Star's appeal on the merits because "there [was] no genuine issue of material fact as to a necessary element of the cause of action," *id.*; *see also Sellers*, 106 A.2d at 684.

[7] We note that upon All Star's motion for supersedeas filed with the appeal, the Hearing Officer stayed the Department's termination of the Agreement "until such time as either party files papers which occasion an order striking off this stay." (Certified Record at 79.) The Hearing Officer did not enter an order striking off the stay until after proceedings on the Department's motion, which the Department filed after common pleas upheld the Suspension Order. Therefore, effectively, the Agreement was not terminated before common pleas upheld the Suspension Order. *See Joyce Outdoor Advertising, LLC v. Dep't of Transp.*, 49 A.3d 518, 527 (Pa. Cmwlth. 2012) (explaining that the Department's revocation of a permit did not become final until after a stay **(Footnote continued on next page…)**

Additionally, All Star argues an evidentiary hearing is required to address whether the Department exercised its discretion in accordance with paragraph 19 of the Agreement. However, "[i]t is a fundamental proposition of law that a hearing or trial procedure is necessary only to resolve disputed questions of fact and is not required to decide questions of law, policy, or discretion." *Painter v. Pa. Pub. Util. Comm'n*, 116 A.3d 749, 755 (Pa. Cmwlth. 2015) (citation omitted). The above issues raised by All Star relate to the **interpretation of the Agreement**, i.e., a question of law, *School Express, Inc. v. Upper Adams School District*, 303 A.3d 186, 197 (Pa. Cmwlth. 2023), and the Department's exercise of discretion under paragraph 19 of the Agreement. Accordingly, where there are only **questions of law**, due process does not require **an evidentiary hearing** to address these contractual and discretionary issues raised by All Star.[8] *See Painter*, 116 A.3d at 755 (holding that due process was not violated for the lack of a hearing because the case involved **only questions of law**); *see also Chester Water Auth.*, 868 A.2d at 392 (explaining that "as a matter of constitutional due process, an evidentiary hearing is most often implicated where there are material **facts** in dispute" (emphasis added)).

---

period expired); *Babin v. City of Lancaster*, 557 A.2d 464, 466 (Pa. Cmwlth. 1989) ("Our Courts have consistently held that the grant of a supersedeas pending appeal postpones the *enforcement* of the order or regulation complained of.").

[8] Of course, All Star had the ability to challenge or mitigate a contractual, discretionary penalty imposed by the Department during the motions proceedings. Otherwise, the administrative appeal process would be illusory and All Star would have no meaningful opportunity to be heard in violation of its due process rights. However, in this case, **where no material facts were disputed,** due process did not require an **evidentiary hearing** and All Star had ample opportunity to be heard during the motions proceedings on any contractual and discretionary issues it wished to raise.

Nor can the Court conclude that the Department or Hearing Officer abused its or his discretion, as All Star suggests. As our Supreme Court has explained,

> it has been established as an elementary principle of law that courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion.

*Slawek, M.D. v. State Bd. of Med. Educ. & Licensure*, 586 A.2d 362, 365 (Pa. 1991) (citation omitted). In cases involving discretionary penalties, this Court has further explained that while we are "required to correct abuses of discretion in the manner or degree of the penalties imposed, we will not, absent a manifestly unreasonable exercise of judgment, substitute our discretion for that of the . . . administrative body endowed with expertise in matters subject to its jurisdiction." *Hawes v. Bureau of Pro. & Occupational Affs., State Real Est. Comm'n*, 204 A.3d 1019, 1027 (Pa. Cmwlth. 2019).

Here, All Star suggests that the Department abused its discretion in terminating the Agreement because it exercised "no discretion whatsoever" and "simply delegated its discretion to a decision of [c]ommon [p]leas [] which was dealing with statutory, not contractual, matters." (All Star's Br. at 10.) All Star also suggests that the Hearing Officer abused his discretion because he should have held an evidentiary hearing at which All Star could have addressed why the Department

13

should exercise its discretion to allow the Agreement to remain in force. (*Id.*) However, the Department and Hearing Officer accurately interpreted paragraph 19 as authorizing the Department to terminate the Agreement if All Star's inspection privileges are suspended for a violation of either Chapter 175 or 177 of Title 67 of the Pennsylvania Code. It is undisputed that All Star's inspection privileges were suspended for violating 67 Pa. Code § 175.51(a). Accordingly, the Department and Hearing Officer did not err in concluding that the Department had the authority to terminate the Agreement in this case pursuant to paragraph 19. Therefore, the Court cannot conclude that the Department and Hearing Officer abused their discretion.

In summary, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the **mistaken** or **unjustified** deprivation of life, liberty, or property." *Washington v. Pa. Dep't of Corr.*, 306 A.3d 263, 285 (Pa. 2023) (emphasis added) (quoting *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). Procedural due process is "shaped by the risk of error inherent in the truth-finding process" and designed to "minimize substantively unfair deprivations of life, liberty, or property by enabling persons to **contest the basis** upon which a State proposes to deprive them of protected interests." *Id.* (emphasis added) (quoting *Carey*, 435 U.S. at 259). Thus, procedural due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *S.F.*, 298 A.3d at 510 (citation omitted). Because no material facts were in dispute, an evidentiary hearing was not required to satisfy due process in this case. *See Chester Water Auth.*, 868 A.2d at 392; *Gruff*, 913 A.2d at 1014. Rather, the motion proceedings below provided All Star with ample opportunity to be heard, contest the basis for the Department's termination of the Agreement, and protect itself from a mistaken or unjustified deprivation of its privilege to perform enhanced vehicle safety inspections. *See*

*United Healthcare Benefits Tr.*, 620 A.2d at 83. Accordingly, under the unique circumstances of this case, All Star received sufficient procedural protections to satisfy due process.

## III. CONCLUSION

For the foregoing reasons, the Court affirms the Order of the Executive Deputy Secretary.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

All Star Auto Sales & Service LLC,   :
            Petitioner   :
                      :
        v.           :   No. 991 C.D. 2024
                      :
Department of Transportation,    :
           Respondent  :

# **O R D E R**

**NOW**, July 22, 2026, the Order of the Executive Deputy Secretary of the Commonwealth of Pennsylvania, Department of Transportation, exited July 2, 2024, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge